PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SANTOS CASTRO-MOTA, ) | |
| ) | CASE NO. 4:24-CV-697 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| WARDEN DAVID BOBBY, *et al*., ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

Plaintiff Santos Castro-Mota, an inmate in the Indiana County Jail in Indiana, Pennsylvania, filed this action *pro se* against Northeast Ohio Correctional Center ("NEOCC") Warden David Bobby, "Counsel Master," "Counsel Haad," and "owner landlord." ECF No.1 at PageID #: 2. Plaintiff's Complaint is difficult to decipher. It contains no factual allegations. In the section of the Complaint that seeks information on what occurred he states, "Saul Aedo. George Lopez cell 106 cell 107. Retaliation harassment intentional wrong doing." ECF No. 1 at PageID #: 5. He asserts claims for "Eight Amendments: Sixth Amendments (4) Amendments: (14) Amendments: First Amendment. Blatant violation of elementary principals of human dignity. Neive [sic] concepts and application to inflict punishment. Unnecessary power abuse of discretion. Retaliation harassment intimidation negligence infliction wrong doing." ECF No. 1 at PageID #: 3. He seeks transfer to another facility to ensure fair and unbiased treatment and monetary damages.

(4:24-CV-697)

Although *pro se* pleadings are liberally construed, *(Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

Moreover, Fed. R. Civ. P. 8 requires a plaintiff to submit a short, plain and concise

(4:24-CV-697)

statement of his or her claims and relief. To meet the minimum notice pleading requirements of Fed. R. Civ. P. 8, the complaint must give the defendant fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Complaint in this case does not contain any suggestion of the facts upon which the legal claims are based. Without any factual allegations, the claims are stated solely as legal conclusions. Legal conclusions alone do not meet the minimum pleading requirements of Fed. R. Civ. P. 8. *Iqbal*, 556 U.S. at 678.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


 July 31, 2024                                      */s/ Benita Y. Pearson*
Date                                                Benita Y. Pearson
                                                    United States District Judge